UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (JLP) |
| | : | |
| Debtor. | : | Objection Deadline: 12/31/04 at 4:00 p.m.<br>Hearing: 1/26/05 @ 9:30 a.m. MST (11:30 a.m. EST) |

## **NOTICE OF FILING OF FIFTH QUARTERLY AND FINAL FEE APPLICATION**

Paul, Hastings, Janofsky & Walker LLP, in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor") have filed their Fifth Quarterly and Final Fee Application Of Paul, Hastings, Janofsky & Walker LLP As Bankruptcy And Reorganization Counsel To The Debtor And Debtor-In-Possession For Compensation And Reimbursement Of Expenses for the Period from September 14, 2003 through November 1, 2004 (the "Application").

Objections to the Application, if any, must be filed on or before December 31, 2004 at 4:00 p.m. (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Debtor so that the response is received on or before the Objection Deadline.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

A HEARING ON THE APPLICATION WILL ON JANUARY 26, 2005 AT 9:30 a.m. MST (11:30 a.m. EST). THE HEARING TO BE HELD AT THE UNITED STATES BANKRUPTCY COURT, IN BUTTE, MONTANA, SECOND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE MONTANA.

Date: December 1, 2004

                        GREENBERG TRAURIG, LLP

                        */s/*

                        Scott D. Cousins (#3079)
                        William E. Chipman, Jr. (#3818)
                        Dennis A. Meloro (#4435)
                        The Brandywine Building
                        1000 West Street, Suite 1540
                        Wilmington, DE 19801
                        (302) 661-7000

                        and

                        Jesse H. Austin, III, Esquire
                        Karol K. Denniston, Esquire
                        PAUL, HASTINGS, JANOFSKY
                          & WALKER LLP
                        600 Peachtree Street, N.E., 24th Floor
                        Atlanta, GA 30308

                        Attorneys for the Reorganized Debtor
                           and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| NORTHWESTERN CORPORATION, | Case No. 03-12872 (JLP) |
| Debtor. | Hearing date: January 26, 2005 at 9:30 a.m.<br>Objection Deadline: January 3, 2005 at 4:00 p.m. |

**FIFTH QUARTERLY AND FINAL FEE APPLICATION REQUEST OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY AND REORGANIZATION COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD SEPTEMBER 14, 2003 THROUGH NOVEMBER 1, 2004**

Name of Applicant: Paul, Hastings, Janofsky & Walker LLP

Authorized to Provide Professional Services to: Northwestern Corporation, Debtor

Date of Retention: September 14, 2003

Fifth Quarterly Period for Which Compensation is Sought September 1, 2004 through November 1, 2004

Amount of Compensation Sought for Fifth Quarterly Period as
Actual, Reasonable, and Necessary: $3,262,821.00

Amount of Expense Reimbursement Sought for Fifth Quarterly Period as
Actual, Reasonable, and Necessary: $311,496.43

Total Amount of Compensation
and Reimbursement Sought for Fifth Quarterly Period:     $3,574,317.43

Final Period for Which Compensation is Sought September 14, 2003 through November 1, 2004

Amount of Compensation Sought for Final Period as
Actual, Reasonable, and Necessary: $13,620,661.75

Amount of Expense Reimbursement Sought for Final Period as
Actual, Reasonable, and Necessary: $916,531.68

Total Amount of Compensation and Reimbursement Sought for Final Period: $14,537,193.43

This is a:     ___Interim          __X__ Final                ____Monthly

ATL/1075270.1

COMES NOW Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") seeks final approval of the full amount of the fees and expenses requested in its fee applications summarized in the charts attached hereto as Exhibit A and authorization for the above-captioned debtor and debtor-in-possession to pay the full amounts requested in such fee applications in accordance with the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered by the Court on October 13, 2003. Paul Hastings respectfully shows the Court as follows:

## INTRODUCTION

1. On September 14, 2003, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continued to operate its businesses and manage its affairs as debtor-in-possession.

2. This Court has jurisdiction over the Final Application pursuant to 28 U.S.C. § 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3. On October 10 2003, this Court entered an Administrative Order on October 10, 2003, this Court entered an Administrative Order Establishing Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Procedures Order"). Pursuant to the Interim Procedures Order, professionals are required to file monthly fee applications (a "Monthly Application") on or after the 20th of each month for services rendered during the previous month. If no objection to a Monthly Application is interposed within 20 days after service thereof, the Debtor is authorized to pay 80% of the fees and 100% of the expenses requested in a Monthly Application without further order of the Court. The Interim Procedures Order further requires that, at least once every three months, (i) all professionals submit an Interim Fee Application Request (as defined in the Interim Procedures Order) for services rendered during the previous three months and (ii) the Debtor schedule a hearing to consider all

Interim Fee Application Requests. On January 14, 2004, the Court entered an Amended Order Establishing Procedures for Payment of Interim Compensation and Reimbursement of Expenses to Professionals at the request of the U.S. Trustee with the consent of counsel to the Debtor and the Committee (the "Amended Interim Procedures Order"). The material terms regarding submission of Monthly Applications did not change.

4.   On March 11, 2004, the Court entered an Order Appointing Fee Auditor and Establishing Related Procedures Concerning the Allowance and Payment of Compensation and Reimbursement of Expenses of Professionals and Members of Official Committee and Consideration of Fee Applications.

5.   On October 19, 2004, the Court entered an Order Confirming Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). Under Paragraph 52 of the Confirmation Order, all persons seeking an award of Professional Fees, or of compensation of services rendered to the Debtor or a Committee or reimbursement of expenses incurred through the Effective Date within thirty (30) days after the Effective Date. The Court has scheduled a hearing on all final fee applications for January 26, 2004.

## PRIOR APPLICATIONS

6.   On or about January 14, 2004, Applicant filed its First Quarterly Fee Application of Paul, Hastings, Janofsky & Walker LLP for Services Rendered and Reimbursement of Expenses as Bankruptcy and Reorganization Counsel to the Debtor and Debtor-in-Possession for the Period of September 14, 2003 through November 30, 2003 (the "First Quarterly Application"), seeking allowance of $2,992,459.56 in fees and expenses as requested in the First and Second Monthly Applications. No objection was filed to the First Quarterly Application and an order approving the First Quarterly Application was entered by the Court on or about February 17, 2004. Applicant

accepted a reduction in its fees for the first interim period in the amount of $10,061.30 and a reduction in its expenses for the first interim period in the amount of $4,382.84.

7.  On or about April 23, 2004, Applicant filed its Second Quarterly Fee Application for Services Rendered and Reimbursement of Expenses as Bankruptcy and Reorganization Counsel to the Debtor and Debtor-in-Possession for the Period of December 1, 2003 to February 29, 2004 (the "Second Quarterly Application"), seeking allowance of $2,346,290.57 in fees and expenses as requested in the Third, Fourth and Fifth Monthly Applications. Applicant subsequently filed a Certificate of No Objection on or about June 23, 2004. A hearing on the Second Quarterly Application is scheduled for December 6, 2004. Pursuant to the Fee Auditor's final report, Applicant accepted a reduction in its fees for the second interim period in the amount of $990.00 and a reduction in its expenses for the second interim period in the amount of $4,599.73.

8.  On or about August 4, 2004, Applicant filed its Third Quarterly Fee Application for Services Rendered and Reimbursement of Expenses for the Period from March 1, 2004 through May 31, 2004 (the "Third Quarterly Application"). On or about October 20, 2004, Applicant filed a Certificate of No Objection to the Third Quarterly Application. Applicant is currently awaiting the Fee Auditor's report regarding the Third Quarterly Application.

9.  On or about October 18, 2004, Applicant filed its Fourth Quarterly Fee Application for Services Rendered and Reimbursement of Expenses for the period from June 1, 2004 through August 31, 2004 (the "Fourth Quarterly Application"). On or about November 17, 2004, Applicant filed a Certificate of No Objection to the Fourth Quarterly Application. Applicant is currently awaiting the Fee Auditor's report regarding the Fourth Quarterly Application.

10. On or about October 22, 2004, Applicant filed its Twelfth Monthly Interim Application for Compensation and Reimbursement of Expenses for the period of September 1, 2004 through September 30, 2004 (the "Twelfth Monthly Application"), seeking an interim

allowance of $1,073,376.50 in fees and $79,482.09 in expenses. Applicant filed a Certificate of No Objection to the Twelfth Monthly Application on or about November 24, 2004, and is currently awaiting payment.

11. On or about December 1, 2004, Applicant filed its Thirteenth Monthly Interim Application for Compensation and Reimbursement of Expenses for the period of October 1, 2004 through November 1, 2004 (the "Thirteenth Monthly Application"), seeking an interim allowance of $2,189,444.50 in fees and $232,014.34 in expenses.

## FIFTH QUARTERLY AND FINAL APPLICATION

12. Paul Hastings seeks compensation for professional fees of $3,262,821.00 and reimbursement for expenses of $311,496.43 for the period of September 1, 2004 through November 1, 2004 (the "Fifth Quarterly Period"). Paul Hastings also seeks final approval of all fees and expenses incurred including the previously approved interim fees in the amount of $13,620,661.75 and reimbursement of expenses in the amount of $916,531.68 for the period of September 14, 2003 through November 1, 2004 (the "Final Application Period").

13. Throughout the Final Application Period, Paul Hastings has been mindful of the need to provide services efficiently. Accordingly, Applicant has utilized attorneys possessing greater experience and expertise only when required by the importance of particular matters to the Debtor's reorganization efforts, and as requested by the Debtor. Applicant assigned junior attorneys where appropriate to render services required by the Debtor in as economical a manner as possible, consistent with obtaining a professional and expeditious result.

## LEGAL STANDARD

14. Section 330(a)(1) of the bankruptcy Code allows that payment of:

    (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses. 11 U.S.C. §330(a)(1).

15. In the Third Circuit, reasonableness of compensation is determined by the "market-driven approach" which considers the nature, extent and value of the services provided by the professional, and the cost of comparable services in non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994).[1] Thus, "the baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

16. In accordance with its practice in non-bankruptcy matters, Applicant has calculated the compensation requested in the Application by applying its standard hourly rates. Applicant's hourly rates are well within the range of rates that are charged by comparable firms in other large bankruptcy cases. Accordingly, Applicant's rates should be determined to be reasonable under Section 330 of the Bankruptcy Code.

17. Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. Applicant's expenses incurred during the Period constitute only those necessary expenses that were incurred for the benefit of the Debtor's estate. Applicant has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

18. In accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, Applicant hereby states that (i) all services for which compensation is sought herein were rendered to the Debtor solely in connection with its Chapter 11 case and not on behalf of any committee, individual creditor or other persons, (ii) other than pre-petition retainers and pre-petition payments

---

[1] The court in *Zolfo Cooper & Co.* stated "In announcing the market-driven approach, Busy Beaver cited favorable to In re Patronek, 121 Bankr. 728 (Bankr. E.D. Pa. 1990), which had relied on market information to set fees for purposes of § 330. In In re Patronek, the court stated, 'The proper measure of what fee is reasonable in any context is ascertainment of what an informed client and an informed attorney would agree should be paid for certain services. If the marketplace naturally establishes a price for a service, then we believe that it is logical to assume that this is [the proper figure].'" *Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (citations omitted) (quoting *In re Patronek*, 121 B.R. 728, 731).

previously disclosed to this Court, Applicant has received no payment or promise of payment for services rendered in this Chapter 11 case, (iii) no agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received for services rendered in or in connection with these cases, and (iv) no division of compensation will be made by Applicant, except as between members of Applicant, and no agreement prohibited by 18 U.S.C. § 155 or Section 504 of the Bankruptcy Code has been made. The foregoing statements are also set forth in Affidavit of Jesse H. Austin III in Support of Application to Employ and Retain Paul, Hastings, Janofsky & Walker LLP as Attorneys for Debtor and Debtor-in-Possession, submitted pursuant to Section 504 of the Bankruptcy Code in conjunction with Applicant's Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Paul, Hastings, Janofsky & Walker LLP as Attorneys for the Debtor [Docket No. 40].

## NOTICE

19.  Pursuant to the Interim Procedures Order, notice of this Application has been provided to: (i) the Debtor, c/o NorthWestern Corporation, 125 South Dakota Avenue, Sioux Falls, SD 57104, Attn: William M. Austin, Chief Restructuring Officer; (ii) counsel to the Debtor, Greenberg Traurig, LLP, The Brandywine Building, 1000 West Street, Suite 1540, Wilmington, Delaware 19801, Attn: Scott D. Cousins, Esq.; (iii) counsel to the Committee; (iv) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2313, Wilmington, DE 19801; (v) counsel to the Post-Petition Lenders, Skadden, Arps, Slate, Meagher & Flom, LLP, 333 West Wacker Drive, Chicago, IL 60606, Attn: Seth E. Jacobson. In addition, notice has been provided to counsel to CSFB, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104; and (vi) Warren H. Smith & Associates, P.C., Republic Center, 325 N. St. Paul, Suite

1275, Dallas, TX 75201. In light of the nature of the relief requested herein, Applicant submits that no other or further notice is required.

## CONCLUSION

20. In summary, Applicant requests that the Final Application for allowance of fees in the amount of $13,620,661.75 and reimbursement of expenses in the amount of $916,531.68 be granted in all respects and the Court enter an order finally approving the First, Second, Third, Fourth and Fifth Quarterly Applications and this Final Application.

WHEREFORE, Paul Hastings respectfully requests that the Court enter an order substantially in the form annexed hereto, (i) approving Paul Hastings' Final Application, (ii) finally approving the First, Second, Third, Fourth and Fifth Quarterly Applications and its Final Application; and (iii) granting other and further relief as the Court may deem appropriate.

Dated: Wilmington, Delaware
December 1, 2004

Respectfully submitted,

*/s/ Karol K. Denniston*
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

Counsel for NorthWestern Corporation, as Debtor and Debtor-in-Possession

# EXHIBIT A

## CUMULATIVE SUMMARY OF FINAL APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY AND REORGANIZATION COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 14, 2003 THROUGH NOVEMBER 1, 2004

| FEE APP/ FILING DATE/DOCKET NO | TOTAL FEES REQUESTED | TOTAL EXPENSES REQUESTED | CERT OF NO OBJECTION FILING DATE/ DOCKET NO | AMOUNT OF FEES PAID (80%) | AMOUNT OF EXPENSES PAID (100%) | AMOUNT OF HOLDBACK FEES SOUGHT |
|---|---|---|---|---|---|---|
| First Quarterly 09/14/03 through 11/30/03 Filed 1/14/04 [687] | $2,868,362.25 | $124,097.31 | 2/10/04 [812] | $2,868,362.25 | $124,097.31 | |
| Second Quarterly 12/1/03 through 2/29/04 Filed 4/23/04 [1154] | $2,212,332.00 | $133,958.57 | 6/23/04 [1533] | $1,769,865.60 | $133,958.57 | $442,466.40 |
| Third Quarterly 3/1/04 through 5/31/04 Filed 8/4/j04 [1841] | $2,487,427.00 | $188,359.14 | 10/20/04 [2240] | $1,989,941.60 | $188,359.14 | $497,485.40 |
| Fourth Quarterly 6/1/04 through 8/31/04 Filed 10/18/04 [2231] | $2,789,719.50 | $158,620.23 | 11/17/04 [2371] | $2,231,775.60 | $158,620.23 | $557,943.90 |
| Fifth Quarterly 9/1/04 through 11/1/04 Filed 12/1/04 | $3,262,821.00 | $311,496.43 | N/A | | | $3,574,317.43 |
| Total | $13,620,661.75 | $916,531.68 | | $8,859,945.05 | $605,035.25 | $5,072,213.13 |

**Adjustments to Fees and Expenses Accepted by Applicant From Fee Examiner's Reports[2]**

| Quarterly Fee Application | Adjustment in Fees | Adjustment in Expenses |
|---|---|---|
| First Quarterly Fee Application | Reduced by $10,061.30 | Reduced by $4,382.84 |
| Second Quarterly Fee Application | Reduced by $990.00 | Reduced by $4,599.73 |

---

[2] Paul Hastings reserves the right to respond to and adjust its final request upon receipt and review of the Fee Examiner's reports for the third, fourth, and fifth quarterly applications. Paul Hastings will file any revisions or amendments prior to the January 26, 2005 hearing.

| Client Number | Matter Description | Total Hours for Period 9/1/04 – 11/1/04 | Total Hours from Petition Date 9/14/03 – 11/1/04 | Total Fees for Period 9/1/04 – 11/1/04 | Total Fees from Petition Date 9/14/03 – 11/1/04 |
|---|---|---|---|---|---|
| 38910-00002 | Asset Analysis and Recover | 92.40 | 131.40 | $ 36,168.00 | $ 47,683.00 |
| 38910-00003 | Asset Disposition | 15.10 | 155.10 | $ 4,402.00 | $ 45,513.50 |
| 38910-00004 | Blue Dot. | 0.00 | 5.70 | $ 0.00 | $ 2,457.50 |
| 38910-00005 | Business Operations | 20.00 | 1272.40 | $ 6,764.00 | $ 418,394.00 |
| 38910-00006 | Case Administration | 455.10 | 4772.10 | $ 45,338.00 | $1,003,082.50 |
| 38910-00007 | Claims Administration and Objections | 418.10 | 1666.10 | $ 96,992.00 | $ 449,244.00 |
| 38910-00008 | Colstrip 4 | 16.90 | 531.30 | $ 7,530.00 | $ 232,198.00 |
| 38910-00009 | Cornerstone Litigation | 3.90 | 55.70 | $ 1,519.50 | $ 25,095.50 |
| 38910-00010 | Cornerstone Propane | 103.60 | 240.80 | $ 38,523.00 | $ 88,832.00 |
| 38910-00011 | Corporate-Governance | 123.10 | 489.40 | $ 56,408.00 | $ 229,882.50 |
| 38910-00012 | Derivative Litigation | 0.00 | 13.30 | $ 0.00 | $ 5,391.50 |
| 38910-00013 | Employee Benefits/Pensions | 119.00 | 1144.70 | $ 41,026.00 | $ 366,280.50 |
| 38910-00014 | Environmental Issues | 0.00 | 503.40 | $ 0.00 | $ 129,925.00 |
| 38910-00015 | Expanets | 0.00 | 1027.85 | $ 0.00 | $ 456,731.75 |
| 38910-00016 | Fee/Employment Applications | 256.00 | 1650.20 | $ 56,410.50 | $ 407,486.50 |
| 38910-00017 | FERC | 112.00 | 475.50 | $ 44,536.50 | $ 177,749.00 |
| 38910-00018 | Financing-DIP Loan | 4.30 | 1085.70 | $ 2,537.00 | $ 395,527.50 |
| 38910-00019 | Financing-Exit Loan | 364.20 | 742.60 | $ 160,465.00 | $ 329,287.00 |
| 38910-00020 | Hylland Claim | 190.80 | 233.10 | $ 46,719.50 | $ 65,420.00 |
| 38910-00021 | Meetings of Creditors | 0.00 | 93.80 | $ 0.00 | $ 48,957.00 |
| 38910-00022 | Plan and Disclosure Statement | 1,797.50 | 7532.00 | $ 541,767.00 | $2,262,331.00 |
| 38910-00023 | Insurance-General | 0.00 | 13.60 | $ 0.00 | $ 5,827.00 |
| 38910-00024 | Insurance-D&O | 30.90 | 564.50 | $ 16,218.00 | $ 234,608.00 |
| 38910-00025 | Key Employee Retention Plan / Severance Plans | 0.00 | 67.80 | $ 0.00 | $ 28,045.50 |
| 38910-00026 | McGreevey Litigation | 107.30 | 583.80 | $ 46,283.50 | $ 284,493.50 |
| 38910-00027 | Litigation Advice | 0.00 | 90.45 | $ 0.00 | $ 29,508.50 |
| 38910-00028 | Montana First Megawatts | 39.70 | 372.10 | $ 16,739.00 | $ 149,386.50 |
| 38910-00029 | Montana PSC | 0.00 | 881.10 | $ 0.00 | $ 337,184.00 |
| 38910-00030 | QF's-General | 32.00 | 401.30 | $ 12,146.00 | $ 133,263.00 |

ATL/1075270.1

| Client Number | Matter Description | Total Hours for Period 9/1/04 – 11/1/04 | Total Hours from Petition Date 9/14/03 – 11/1/04 | Total Fees for Period 9/1/04 – 11/1/04 | Total Fees from Petition Date 9/14/03 – 11/1/04 |
|---|---|---|---|---|---|
| 38910.00031 | QF – Broadwater Dam | 0.00 | 0.60 | $ 0.00 | $ 339.00 |
| 38910-00032 | QF-CELP | 5.70 | 224.40 | $ 3,067.00 | $ 91,302.50 |
| 38910-00033 | QF's-YELP | 5.90 | 640.10 | $ 3,529.00 | $ 176,715.00 |
| 38910-00034 | Relief from Stay Proceedings | 23.00 | 695.60 | $ 10,925.00 | $ 210,133.50 |
| 38910-00035 | SEC Public Disclosure Documents | 128.40 | 747.10 | $ 58,936.00 | $ 333,864.50 |
| 38910-00036 | SEC Investigation | 1,862.30 | 5343.30 | $ 588,347.50 | $ 1,674,601.00 |
| 38910-00037 | Securities Class Action | 17.10 | 2371.15 | $ 8,312.50 | $ 985,648.00 |
| 38910-00038 | SC/Neb PSC | 0.00 | 9.80 | $ 0.00 | $ 4,902.50 |
| 38910-00039 | Tax Issues | 34.10 | 431.60 | $ 15,911.50 | $ 194,880.00 |
| 38910-00040 | Labor Negotiation | 0.00 | 14.90 | $ 0.00 | $ 3,501.50 |
| 38910-00041 | Magten Potential Liquidation | 132.00 | 132.00 | $ 64,578.00 | $ 64,578.00 |
| 38910-00042 | Effective Date Planning | 106.80 | 168.50 | $ 6,985.50 | $ 37,600.00 |
| 38910-00043 | Megawatts Sale | 5.00 | 93.60 | $ 1,800.00 | $ 36,524.00 |
| 38910-00044 | New Loan | 600.20 | 754.60 | $ 245,381.00 | $ 324,695.00 |
| 38910-00045 | Senior Notes | 2,085.90 | 2335.60 | $ 964,683.50 | $ 1,074,851.50 |
| 38910-00046 | 401K Plans | 11.40 | 19.50 | $ 5,040.00 | $ 9,908.50 |
| 38910-00048 | Colstrip Restructuring | 11.20 | 11.20 | $ 6,832.00 | $ 6,832.00 |
| Total | | 9,330.90 | 40,790.35 | $3,262,821.00 | $13,620,661.75 |

## CUMULATIVE EXPENSE SUMMARY

| Expense Category | Total Expenses for the Period 9/1/04 – 11/1/04 | Total Expenses from the Petition Date 9/14/03 – 11/1/04 |
|---|---|---|
| Airfare | $ 31,789.44 | $ 184,430.70 |
| Courier Service | $ 8,145.01 | $ 30,888.24 |
| Facsimile | $ 398.00 | $ 5,703.90 |
| Lexis/Online Search | $ 60,325.00 | $ 212,567.96 |
| Lodging | $ 22,918.11 | $ 90,502.94 |
| Long Distance Telephone | $ 3,201.93 | $ 20,074.26 |
| Meals | $ 7,560.26 | $ 37,306.86 |
| Outside Professional Services | $ 176,171.65 | $ 230,950.95 |
| Parking | $ 528.00 | $ 3,660.44 |
| Photocopy Charges | $ 16,399.38 | $ 102,236.92 |
| Postage/Express Mail | $ 56.83 | $ 137.43 |
| Secretarial Overtime | $ - | $ 4,044.25 |
| Taxi/Ground Transportation | $ 6,109.68 | $ 26,609.32 |
| Miscellaneous | $ 229.08 | $ 4,277.18 |
| Costs Received | $ (22,335.94) | $ (36,859.67) |
| **Total** | $ 311,496.43 | $ 916,531.68 |

ATL/1075270.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 03-12872 (JLP) |

**ORDER GRANTING FIFTH QUARTERLY AND FINAL FEE APPLICATION REQUEST OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY AND REORGANIZATION COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD SEPTEMBER 14, 2003 THROUGH NOVEMBER 1, 2004**

Upon the Fifth Quarterly and Final Fee Application of Paul, Hastings, Janofsky & Walker LLP for Services Rendered and Reimbursement of Expenses as Bankruptcy and Reorganization Counsel to the Debtor and Debtor-in-Possession for the Period of September 14, 2003 through November 1, 2004 (the "Final Application"); and the Court having reviewed the Final Application; and due notice of the Final Application having been given under the circumstances; and it appearing that no other or further notice of the Final Application is necessary or required; and after due deliberation and good and sufficient cause appearing therefore; the Court hereby finds, after considering the nature, extent and value of the services, that Applicant, as set forth in its applications, rendered valuable and quality legal services to the Debtor. The Court further finds that the fees and expenses sought by the Applicant were reasonable; and it is hereby

**ORDERED**, that the Final Application is GRANTED; and it is further

**ORDERED**, that Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") is allowed $3,262,821.00 for compensation and $311,496.43 for reimbursement of expenses for the period

ATL/1075270.1

commencing September 1, 2004 through November 1, 2004 (the "Fifth Quarterly Period") as set forth in the Final Application; and it is further

**ORDERED**, that Paul Hastings is hereby finally allowed $13,620,661.75 in compensation and $916,531.68 in reimbursement for expenses for the period commencing September 14, 2003 through November 1, 2004 (the "Final Application Period").

**ORDERED**, that the above-captioned debtor and debtor-in-possession is authorized to disburse to Paul Hastings payments in the amount of the difference between (a) 100% of the total fees and expenses allowed and (b) the actual payments received by Paul Hastings for fees and expenses incurred during the Final Application Period (the "Holdback"). Accordingly, the Debtor is hereby directed to remit the balance due, which amounts to $5,072,213.13 to Paul Hastings; and it is further

**ORDERED**, that the Court hereby finally approves Paul Hastings' First, Second, Third, Fourth and Fifth Quarterly Applications and its Final Application.

**ORDERED**, that this order shall be effective immediately upon entry and shall be a final order.

Dated: January ___, 2004
Wilmington, Delaware

_____
United States Bankruptcy Judge

ATL/1075270.1